## ARMSTRONG vs. BLODGETT.

PRACTICE — ATTACHMENT.  (1, 2) *Affidavit for an attachment; form of traverse.*  (3) *Order for judgment on traverse; proper form.*

1. In traversing by answer plaintiff's affidavit for an *attachment,* defendant (under § 27, p. 1475, Tay. Stats.) need not deny specifically and separately each fact stated in the affidavit; but a general denial in the usual form is sufficient.
2. By the terms of his affidavit plaintiff states that "he has reason to believe that defendant has assigned," etc. (stating several of the grounds for attachment named in the statute). By the terms of his traverse defendant "says that each and every allegation contained in the affidavit of said plaintiff * * on which affidavit the writ of attachment herein was issued, is untrue, and that each and every allegation therein made was untrue at the time of the making of said affidavit; and this defendant denies the existence, at the time of making the affidavit, of any and all the material facts stated therein." *Held,* a sufficient traverse.
3. An order for judgment in defendant's favor on said traverse, and for the delivery to him of the attached property, etc., recites that the action

Armstrong vs. Blodgett.

came on to be heard on said traverse; that the plaintiff declined to offer any testimony on the issue so made; and that the court had found for the defendant on said issue. *Held*, that no "finding of facts" is required in such a case; but if one were required, the order itself contains a sufficient finding.

APPEAL from the Circuit Court for *Washington* County.

The action is upon a promissory note. At the time of commencing the action, the plaintiff sued out a writ of attachment therein, by virtue of which the property of the defendant was seized. The affidavit of the plaintiff upon which the writ was issued, after stating the indebtedness of the defendant, is as follows : " And the deponent further says, that he has good reason to believe that the defendant has assigned, disposed of, or concealed, or is about to assign, dispose of, or conceal, some of his property, with intent to defraud his creditors. That the defendant has removed, or is about to remove, some of his property out of this state, with intent to defraud his creditors. That the defendant has fraudulently conveyed or disposed of his property, or a part of it, with intent to defraud his creditors."

The defendant, in due time, interposed the following answer to, or traverse of, the facts stated in such affidavit : " The defendant, *E. L. Blodgett*, answering herein by way of traverse of the plaintiff's affidavit for writ of attachment herein, says, that each and every allegation contained in the affidavit of the said plaintiff, * * * and on which affidavit the writ of attachment herein was issued, is untrue, and that each and every allegation therein made was untrue at the time of the making of said affidavit; and this defendant denies the existence, at the time of making the affidavit, of any and all the material facts stated therein."

When the issue made by such answer and traverse was called for trial, the plaintiff declined to offer any evidence in support of his attachment, for the alleged reason that the answer or traverse of the defendant is evasive, and does not deny " the existence of the facts stated in the affidavit of the plaintiff at

the time of the making of the said affidavit, and does not traverse the facts stated therein, and raises no issue for the court to try." The court thereupon made the following order, from which the plaintiff has appealed:

"This action coming on to be heard on the traverse of the plaintiff's right to the attachment issued herein on the 25th day of May, 1871, and the plaintiff declining to offer any testimony on the issue so made, and the court having found for the defendant on said issue, now, on motion of Messrs. Hudd & Wigman, attorneys for defendant: *Ordered*, that said defendant have judgment on said traverse, that the property attached herein be delivered up to said defendant, *E. L. Blodgett*, with damages to be assessed as provided by law, together with his costs herein to be taxed."

*Finch & Felker*, for appellant, contended, 1. That the traverse or answer was insufficient. The statute contemplates a traverse in which each fact stated in plaintiff's affidavit, which would entitle plaintiff to the writ, shall be dealt with separately and specifically. It is not enough to allege generally that "the affidavit is untrue," or that "the defendant denies the existence, at the time of making the affidavit, of any and all the material facts stated therein" (which is a mere conclusion of law), or to make any form of general denial which merely amounts to denying that plaintiff had "good reason to believe" the facts stated in his affidavit. Perjury could not be assigned on such a traverse; and that is a test of its sufficiency. 1 Chand., 32, note; 5 Wis., 25, and cases there cited; 2 Cow., 509. The answer in such cases is in the nature of a special plea by way of traverse, as plainly appears from the language of the statute, when taken in connection with the forms of pleading in existence in 1851, when it was adopted. 2 Tay. Stats., ch. 130, §§ 29, 30. 2. The trial of the issues of fact raised by such an answer must be by the court (§ 28), and its decision must be in writing. Tay. Stats., ch. 132, § 22. No findings of fact having been made or filed in this case, there is

nothing to support the judgment. 9 Wis., 36, 166; 15 id., 236, 238.

*Hudd & Wigman*, for respondent, argued that the traverse was but an answer, and was subject to the rules of pleading and practice in reference to answers, now established in this state, and was sufficient (Tay. Stats., 1446–7, §§ 41–44, and authorities in the notes thereto); that the order would not be reversed for the want of technical findings, the appellant not being injured thereby (19 Wis., 207; 13 Abb., 472); and that the order itself was a sufficient finding.

LYON, J. The principal question to be determined relates to the sufficiency of the answer. The statute by virtue of which it was interposed, is as follows:

"§ 27. In all writs of attachment issued under the provisions of this chapter, it shall be competent for the defendant, by answer, verified by his affidavit, to deny the existence, at the time of the making of the affidavit required to be annexed to the attachment, of the material facts stated therein, whether such facts be stated upon the knowledge or belief of the deponent, or otherwise." Tay. Stats., 1475.

It seems very clear to our minds that this answer is a compliance with the statute. It denies the existence of the facts alleged by the plaintiff in the affidavit annexed to the attachment. True, each fact therein stated is not specifically and separately denied, neither does the statute require a denial in that form. A general denial in the usual form is sufficient. Further, it is quite immaterial that the most of the facts stated in the plaintiff's affidavit, are stated on belief. Such affidavit contains, nevertheless, a statement of facts, and the general denial in the answer is not merely a denial of the plaintiff's belief, but a denial of the existence of the facts. Hence, the answer put in issue the material allegations of fact in the plaintiff's affidavit, and the statute cast upon the plaintiff the burden of proving the truth of such allegations. Tay. Stats., 1475, § 28. This he failed entirely to do.

But it is claimed that the order appealed from is irregular, because there were no findings of fact filed as required by law. Were a finding of fact necessary in this case, the order itself contains such finding. But it is not necessary, because there has been no trial of the issue. The order is in the nature of a nonsuit. Tay. Stats., 1498, § 22.

*By the Court.* — The order of the circuit court is affirmed.